## CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* PORTER.

ERROR TO DIVISION NUMBER TWO OF THE APPELLATE COURT OF THE STATE OF INDIANA.

No. 213.    Argued April 27, 1908.—Decided May 18, 1908.

It is within the legislative power of a State to create special taxing districts and to charge the cost of local improvements, in whole or in part, upon the property in said district either according to valuation or area, and the legislature may also classify the owners of property abutting on the improvement made and those whose property lies a certain distance back of it, and if all property owners have an equal opportunity to be heard when the assessment is made the owners of the "back lying" property are not deprived of their property without due process of law or denied the equal protection of the laws.

The Barrett paving law of Indiana, the constitutionality of which was sustained by this court as to abutting property owners in *Shœffer* v. *Werling*, 188 U. S. 516; *Hibben* v. *Smith*, 191 U. S. 310, sustained also as to back lying property owners following *Voris* v. *Pittsburg Plate Glass Co.*, 163 Indiana, 599.

38 Ind. App. 226, affirmed.

THIS case involves the legality of a tax for street improvements imposed on the property of plaintiff in error, herein called the railway company.

The tax was imposed under a law of the State called the Barrett law. The law makes the amount of the assessment a lien upon the property improved and gives to the contractor or his assignees the right to "foreclose such assessment as a mortgage is foreclosed." Successive suits may be brought if the judgment in the first suit fails to satisfy the assessment and costs.

The defendants in error were the contractors for the improvement and brought this suit in the Circuit Court of Boon County, Indiana, and alleged in their complaint the adoption under the law by the common council of the city of Lebanon, where the property proceeded against is situated, of a declaratory resolution providing for the grading and paving of Main street and constructing sidewalks and lawns thereon. The complaint alleged the steps taken by the council of the city as prescribed by the law; the assessment against the several lots and parcels of ground abutting on the street; that one Mary Kelly was the owner of a tract of unplatted land abutting on the street, which was assessed the sum of $588.56; her refusal to pay the assessment, and that suit was brought against her and her husband to foreclose the lien of the assessment. And it is alleged that after proceedings had a decree was entered for the sum of $650, being the amount of the assessment and costs. That sale of the property was made under the decree for the sum of $75, which was its fair cash value, and that there is still due thereon $581.32, with interest. That the railway company was the owner of a tract of land immediately back of the real estate of Mary Kelly, "from the street so improved," that is, that her real estate was situate immediately between the street so improved and the real estate of the railway company, which real estate was within one hundred and fifty feet of the line of the street. A demand for the amount of the balance due on the assessment was alleged. Judgment was

demanded for that sum and the foreclosure of the lien of the assessment against the real estate of the company and for an order of sale.

A second paragraph of the complaint alleged a like assessment against the property of one John T. Walton, the foreclosure of the lien thereon and the sale of the property, the balance due, and that the property of the railway was situated immediately back of it. The like judgment was prayed as in the first paragraph.

The only parts of the answer with which we are concerned are the allegations that the land of the railway company did not abut upon the street improvement, but lay back of lands owned by others which abutted upon the street, and "that in the proceedings of the common council of the city of Lebanon, in any action taken by the civil engineers of said city, in any notice to property owners, in any assessment of property had, given or done with reference to said improvement, this defendant's tracts were not named, described nor referred to, nor was either of them; that neither of said tracts was assessed for said improvement, neither of said tracts was considered with reference to any assessment for said improvement, neither of said tracts was benefited by said improvement; that the defendant did not appear before said council or any committee of said council, either actually or constructively, with reference to either of its said tracts, and the records of the proceedings of the city of Lebanon as to said improvements do not disclose any such appearance by or notice to this defendant, or the consideration or assessment of either of said tracts for such improvement."

The third paragraph of the answer is as follows:

"For third and further answer to the amended complaint and each of the paragraphs thereof separately the defendant says that the acts of the general assembly of the State of Indiana under and by virtue of which it is claimed and assumed that the liens respectively sued upon have accrued and attach to the respective tracts of the defendant is unconstitutional

and void, in that it makes no provision for a notice to or a hearing from the property owner whose property does not abut upon the street to be improved; it denies due process of law, denies the equal protection of the laws, and takes private property for public use without compensation."

Judgment was rendered against the company, which was affirmed by the Appellate Court on the authority of *Voris* v. *Pittsburg Plate Glass Co.*, 163 Indiana, 599.

*Mr. Frank L. Littleton*, with whom *Mr. Leonard J. Hackney* was on the brief, for plaintiff in error:

The statute of Indiana, Burns' Rev. Stat., 1894, §§ 4288–4299, both inclusive, under and pursuant to which the alleged assessment involved in this case was made, is unconstitutional because it does not give, or purport to give, a property owner whose lands are located back of property abutting upon the street improved any hearing or opportunity to be heard upon the amount of the assessment levied against such owner's property. There is no hearing as to the special benefits at any stage of the proceedings, and the amount of the assessment against the back-lying property is arbitrarily determined by subtracting from the original assessment against the abutting owner the amount his property sells for on foreclosure. This is clearly a denial of due process of law. *Central of Georgia Ry. Co.* v. *Wright*, 207 U. S. 27; *Security Trust Company* v. *Lexington*, 203 U. S. 323; *Boyd* v. *United States*, 116 U. S. 616; *Dartmouth College* v. *Woodward*, 4 Wheat. 518, 581; *Village of Norwood* v. *Baker*, 172 U. S. 269; *Wright* v. *Davidson*, 181 U. S. 371; *Bauman* v. *Ross*, 167 U. S. 548; *Spencer* v. *Merchant*, 125 U. S. 345; *Walston* v. *Nevin*, 128 U. S. 578; *Hibben* v. *Smith*, 191 U. S. 310; *Schœffer* v. *Werling*, 188 U. S. 516; *Raymond* v. *Chicago Union Traction Co.*, 207 U. S. 541; *Beebe* v. *Magoun* (Iowa), 97 N. W. Rep. 986; *Lathrop* v. *City of Racine*, 97 N. W. Rep. 192; *State* v. *Pillsbury* (Minn.), 85 N. W. Rep. 175; *McKee* v. *Town of Pendleton*, 154 Indiana, 652; *Dexter* v. *City of Boston*, 176 Massachusetts, 247; *Charles*

v. *City of Marion,* 100 Fed. Rep. 538; *Kuntz* v. *Sumption,* 117 Indiana, 1.

The statute of Indiana, Burns' Rev. Stat. 1894, §§ 4288–4299, under and pursuant to which the alleged assessment involved in this case was made, is unconstitutional and denies the back-lying property owner the equal protection of the laws because it gives the abutting property owner a hearing, or opportunity to be heard, on the question as to whether the proposed assessment exceeds the special benefits to his property, and denies such hearing or opportunity to the property owner whose property does not abut upon the street improved. *Ex parte Drayton,* 153 Fed. Rep. 986; *Gulf &c. R. Co.* v. *Ellis,* 165 U. S. 150; *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Raymond* v. *Chicago Union Traction Co.,* 207 U. S. 541; *Beebe* v. *Magoun* (Iowa), 97 N. W. Rep. 986; *Chicago &c. R. Co.* v. *Swanger,* 157 Fed. Rep. 783.

*Mr. George H. Gifford,* with whom *Mr. Glen J. Gifford* was on the brief, for defendants in error:

The statute of Indiana, Burns' Rev. Stat. 1894, §§ 4288–4299, in pursuance to which the assessments herein were made is in harmony with § 1 of the Fourteenth Amendment for the reason that said law furnished the plaintiff in error due process of law and equal protection of law guaranteed by said § 1 of that Amendment. *Shœffer* v. *Werling,* 188 U. S. 516; *Fall Brook Irrigating Co.* v. *Bradley,* 164 U. S. 168; *Hibben* v. *Smith,* 191 U. S. 321; *Voris* v. *Pittsburg &c. Co.,* 163 Indiana, 599.

Assessments made for the construction of public improvements are in the nature of a tax and are subject to summary procedures the same as state, county and municipal taxation, and the law does not contemplate that there should be a decree or order of court to make such assessment valid, but it is sufficient if there is a tribunal or committee created by the statute to hear and determine the correctness of such assessment and a provision for due notice to the parties of such hearing, it is a full and complete compliance with the constitutional

provision of § 1 of the Fourteenth Amendment. *Cass Farm Co.* v. *Detroit,* 181 U. S. 396; *Detroit* v. *Parker,* 181 U. S. 399;. *Webster* v. *Fargo,* 181 U. S. 394; *French* v. *Barber Asphalt Co.,* 181 U. S. 324.

In matters of taxation and assessment for local improve-. ments where there is a taxing district established by the statute under which such proceedings are being prosecuted, a notice to all interested without setting out the name of the party owning the real estate and without setting out the description of the property taxed is a sufficient notice. *Lent* v. *Tilson,* 72 California, 404; *Ottawa* v. *Macy,* 20 Illinois, 412; *Voris* v. *Pittsburg &c. Co.,* 163 Indiana, 599.

It is the province of the legislature to fix the notice to be given in matters of public improvements. *Hiland, Aud.,* v. *Brazil B. Co.,* 128 Indiana, 340; *Ottawa* v. *Macy,* 20 Illinois, 413; *Schœffer* v. *Werling,* 188 U. S. 516.

MR. JUSTICE McKENNA, after making the foregoing statement, delivered the opinion of the court.

There is no question of the regularity of the proceedings. The controversy, therefore, is over the statute. Does it afford due process of law? A review of it is necessary to the determination of the question. It provides that upon the petition to the common council of two-thirds of the whole line of lots bordering on any street or alley, consisting of a square between two streets, and if the council deem the improvement necessary, it shall declare by resolution the necessity therefor, describing the work, and shall give two weeks' notice thereof to the property owners in a newspaper of general circulation published in the city, stating the time and place when and where the property owners can make objections to the necessity of the improvement.

If the improvement be ordered notice is to be given for the reception of bids. When the improvement has been made and completed according to the terms of the contract therefor

made the common council shall cause a final estimate to be made of the total cost thereof by the city engineer, and shall require him to report the full facts, the total cost of the improvements, the average cost per running foot of the whole length of the part of the street improved, the name of each property owner and the number of front feet owned by him, with full description of each lot or parcel of ground bordering on the street improved, the amount due upon each lot, which shall be ascertained and fixed by multiplying the average cost price per running foot by the number of running front feet of the several lots or parcels of ground respectively.

Upon the filing of this report the council is required to give notice of two weeks in a newspaper of the time and place, when and where, a hearing can be had before a committee appointed by the council to consider such reports. The committee is required to report to the council recommending the adoption or alteration of the report, and the council may adopt, alter or amend it and the assessments therein. Any person feeling aggrieved by the report shall have the right to appear before the council and shall be accorded a hearing. The council assesses against the several lots or parcels of land the several amounts which shall be assessed for and on account of the improvement.

It is provided that the owner of lots bordering on the street, or the part thereof to be improved, shall be liable to the city for their proportion of the costs in the ratio of the front line of their lots to the whole improved line of the improvement, and that the assessment shall be upon the ground fronting or immediately abutting on such improvement, back to the distance of one hundred and fifty feet from such front line, and the city and contractor shall have a lien thereon for the value of such improvements.

It is further provided that where the "land is subdivided or platted the land lying immediately upon and adjacent to the line of the street and extending back fifty feet shall be primarily liable to and for the whole cost of the improvement,

and should that prove insufficient to pay such cost then the second parcel and other parcels, in their order, to the rear parcel of said one hundred and fifty feet, shall be liable in their order."

This statute, as to abutting property owners, was sustained by this court, following the decisions of the Supreme Court of Indiana. *Schœffer* v. *Werling*, 188 U. S. 516; *Hibben* v. *Smith*, 191 U. S. 310. It was sustained as to "back-lying" property owners in *Voris* v. *Pittsburg Plate Glass Co.*, 163 Indiana, 599, and upon that case, as we have seen, the judgment in the case at bar is based.

It will be observed by referring to the statute that property owners are given notice of the proposed improvement and opportunity to object to its necessity, and when the improvement is completed they are also given notice of the filing of the report of the engineer and an opportunity to be heard upon it before a committee, which the statute requires shall be appointed to consider it. The latter notice, the Supreme Court in *Voris* v. *Pittsburg Glass Company*, decided, gives the common council complete jurisdiction over the person of every landowner in the taxing district of the improvement, whether the same abuts on the improvement or not, and that they are required to take notice that their real estate in the taxing district will be subject to the lien of special benefits assessed against it. And the court further decided that all such owners of real estate within the taxing district, "whether back lying or abutting," have the right "to a hearing on the question of special benefits, which the law requires said common council or board of trustees to adjust so as to conform to the special benefits accruing to said abutting real estate." The contention, however, of the railway company is that in no stage of the proceeding has the back-lying owner a hearing, or an opportunity to be heard, as to the amount to be assessed against his property. As we have seen, the opportunity to be heard is given to back-lying owners as to other owners, and the amount of the assessment against the latter is the amount of the assessment against the former. This amount is definitely fixed, and

measures the lien upon the back-lying real estate and the burden to which it may be subjected if the abutting property fails to satisfy the assessment.

It may be, however, that the railway company means by its contention that the back-lying owner is given no opportunity to be heard by the statute on the amount of the assessment against him, that he is given no opportunity to be heard on special benefits to him from the improvement. This was one of the questions presented in *Voris* v. *Pittsburg Glass Company.* Certain cases were cited as sustaining an affirmative answer. The court, however, replied that the question was not involved in those cases, and what was said in one of them (*Adams* v. *City of Shelbyville*, 154 Indiana, 467), to the effect that a law which makes no provision for a hearing on the question of special benefits was in violation of the Fourteenth Amendment to the Constitution of the United States, was clearly *obiter dicta.* And the court decided, following *French* v. *Barber Asphalt Paving Co.*, 181 U. S. 324, and the cases immediately succeeding it, and, quoting from *Tonawanda* v. *Lyon*, 181 U. S. 389, " ' That it is within the power of the legislature of the State to create special taxing districts, and to charge the cost of local improvement, in whole or in part, upon the property in said district, either according to valuation or superficial area or average. . . .' " Other cases were also cited sustaining the conclusion.

It will be observed, therefore, that the Supreme Court of the State decided that a taxing district is created by the legislature of the property along the line of the improvement and extending back therefrom one hundred and fifty feet, and that back-lying property—that is, property fifty feet distant from the street and within one hundred and fifty feet—is so far benefited that it shall be made liable if the abutting fifty feet "prove insufficient" to pay the cost of the improvement. In other words, that lands within one hundred and fifty feet of the improvement are so far benefited by the improvement that they may be made a taxing district, and subject to the cost of

the improvement. We think, under the cited cases, this was within the power of the legislature to provide.

The railway company also contends that the statute is unconstitutional, for the reason that it does not give the back-lying property owner the equal protection of the laws. The ground of this contention is as the one just disposed of, that the abutting owner is, and the back-lying owner is not, given an opportunity to be heard. To express it differently, and as the counsel express it, that a specific assessment is made against the abutting owner, and he is given an opportunity to challenge the assessment, but the back-lying owner has an assessment made against him years afterwards, and is given no opportunity whatever to challenge it. This, as we have seen, is a misapprehension of the statute. The amount of the assessment is fixed for both owners at the same time. The abutting owner is made primarily liable for it; the back-lying owner contingently so. He may never be called upon to pay. Implied in this contention, however, though not expressed, there may be the element of a hearing upon benefits, but, if so, it is disposed of by what has been said. If it was in the power of the legislature to make the taxing district, as we have decided that it was, it was within its power to classify the property owners, and there is certainly no discrimination between the members of the classes.

*Judgment affirmed.*

MR. JUSTICE HOLMES took no part in the decision.