JOHN N. FAITHORN, Receiver, Appellant, *vs.* JOHN R.
THOMPSON, County Treasurer, Appellee.

*Opinion filed December 22, 1909.*

This case is controlled by the decision in *City of Chicago* v.
*Town of Cicero,* 210 Ill. 290.

APPEAL from the Superior Court of Cook county; the
Hon. ALBERT C. BARNES, Judge, presiding.

JULIUS A. JOHNSON, ENOCH J. PRICE, and JESSE B.
BARTON, for appellant.

JOHN C. WILLIAMS, CHARLES E. ANTHONY, and JAMES
S. HANDY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a bill filed in the superior court of Cook county
on July 9, 1909, by the receiver of the Chicago Terminal
Transfer Railroad Company, praying that the county treasurer be restrained from selling for unpaid sanitary district
taxes certain property of the said company. After issues
joined a hearing was had and a decree entered dismissing
the bill for want of equity. From that decree this appeal
has been prosecuted.

The property on which this tax was levied is situated
in that part of the Sanitary District of Chicago which was
annexed to the district under the provisions of an act en-

titled "An act in relation to the Sanitary District of Chicago," etc., approved May 14, 1903, in force July 1, 1903. (Hurd's Stat. 1908, p. 384.) It is contended that said act is in contravention of sections 9 and 10 of article 9 and sections 13 and 22 of article 4 of the constitution. This act was held constitutional in *City of Chicago* v. *Town of Cicero,* 210 Ill. 290. While all of the provisions of the constitution here invoked by appellant were not discussed by this court in that case, yet the reasoning of the opinion, in effect, disposes of all the questions raised by appellant in this case. The chief arguments advanced here were pressed upon the attention of the court in that case. The main contention of appellant in this case is, that the act is unconstitutional because the legislature could not provide for the annexation of the additional territory to the sanitary district without a vote of the people. In discussing that question in the former case, after a review of many of the authorities cited by the appellant in this case, we said (p. 295) : "All municipal corporations are subject to legislative control, and may be changed, modified, enlarged, restrained or abolished to suit the exigencies of the case. * * * The legislature may obtain the consent of the people in the locality to be affected, or not, as they may deem best, and the question whether the consent of a majority in the territory to be annexed or the consent of the whole town shall be required is one which addresses itself solely to the legislature." The doctrine there laid down has been for many years the established law of this State. It would serve no useful purpose to consider here again this rule of law or cite the authorities in its support. That decision must control in this case.

The decree of the superior court will be affirmed.

*Decree affirmed.*