CHARLES D. COLE, MARY COLE, HERMAN NOELKER ET AL. *v.* NORBORNE LAND DRAINAGE DISTRICT OF CARROLL COUNTY, MISSOURI, H. H. FRANKLIN, L. WILLIAMS ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF MISSOURI.

No. 152.   Argued January 20, 1926.—Decided February 1, 1926.

A state law (Ls. Mo. 1913) providing that establishment of a drainage district, with consequent liability for assessments, shall depend on the vote of the owners of the majority of the acreage included,

but permitting an established district to be extended by court proceedings to adjoining lands that will be benefited by the proposed reclamation, does not violate the equal protection clause of the Fourteenth Amendment in not allowing the owners of such adjoining lands the right to vote on the inclusion of their property.

Affirmed.

APPEAL from a decree of the District Court dismissing a bill brought to restrain the collection of drainage assessments and entry upon the plaintiffs' land in pursuance of a drainage plan.

*Messrs. Cyrus Crane* and *M. J. Henderson,* for appellants.

*Messrs. William A. Franken* and *S. J. Jones,* with whom *Messrs. Grover C. Jones, Sam Withers* and *Scott R. Timmons* were on the brief, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a bill to restrain the collection of a tax and entry upon the plaintiffs' lands in pursuance of a plan of drainage established in the mode provided by the laws of Missouri. The grounds on which relief is sought are that § 40 of the Drainage Laws of 1913, under which the plaintiffs' lands were brought into the drainage district, is contrary to the Fourteenth Amendment, and that the inclusion of their lands was an arbitrary exercise of power for the purpose of making the plaintiffs pay for benefits that they did not share. The District Court found that there was no arbitrary exercise of power, but only a decision upon disputable questions of benefit with regard to land all of which was Missouri bottom land, similar in condition in everything but degree. It upheld the inclusion of the plaintiffs' land. In view of the constitutional question raised the plaintiffs appealed directly to this Court.

Under the laws of the State a drainage district was incorporated which originally contained, it is said, 14,400 acres. In a later year, upon petition of the supervisors of the district, the boundaries were enlarged in due statutory form so as to take in nearly 24,000 acres more of adjoining land, including that now concerned. It is not disputed that the original district was lawful in all respects. In general there can be no doubt that a State has power to add more land, that shares the benefit of a scheme, to the lawfully constituted district that has to pay for it, and to do so against the will of the owner. *Houck* v. *Little River Drainage District,* 239 U. S. 254, 262. *Squaw Creek Drainage District* v. *Turney,* 235 Mo. 80. *Mudd* v. *St. Francis Drainage District,* 117 Ark. 30. *Faithorn* v. *Thompson,* 242 Ill. 508. But it is objected that as in this case the original district was formed on the petition of the ' owners of a majority of the acreage ' in contiguous lands, and as, under the statute, the concurrence of the owners of a majority of the acreage was necessary, there is an unconstitutional discrimination in not leaving it to a similar majority to determine whether the new land shall come in. It seems strange if the power of the legislature to add to a lawfully existing district depends on how that district was formed many years before. But it is enough to repeat the answer of the appellees. The original incorporators take the risk of a plan and agree to pay for it while as yet they do not know exactly what the plan will be or what the benefits. If after the plan is made and started it becomes obvious that other contiguous land will be benefited, it is just that such land should help to pay the bills. But only an Eighteenth Century faith in human nature could expect that the owners would vote to come in and pay their shares when they would get the same benefit if they stayed out. The discrimination is justified by the change in position at the later time.

As to the supposed sinister purpose of those who brought the plaintiffs in, no evidence was given to prove it. That the plantiffs' land would be benefited has been found by the Circuit Court of Carroll County, Missouri, which made the order, and by the District Court below. We see no reason in the evidence for not accepting their findings. There is another objection to inquiring further. By the law of Missouri the decree of the Circuit Court is final with regard to the territorial extent of the district. The bill further states that the plantiffs have sought redress in the courts of the State without avail. The defendants plead that the plaintiffs sued in a State court to cancel the assessments upon them and to annul the judgment of the Circuit Court; that thereupon the defendants applied to the Supreme Court for a writ of prohibition, and that the court made the prohibition absolute, upholding the constitutionality of the law. *State, ex rel. Norborne Land Drainage District* v. *Hughes,* 294 Mo. 1. The defendants urge these facts to show that the plaintiffs had an adequate remedy at law by bringing either the judgment of the Circuit Court or that of the Supreme Court here. It is hard to see why these decisions do not make the question sought to be opened here *res judicata,* although not so pleaded. But in any event we see no ground for disturbing the decree below. The District Court rightly held that the plaintiffs Hellwig and Summers must fail for the additional reason that the assessments against them were less than the jurisdictional amount, but this is not very important as on the merits the bill must be dismissed.

*Decree affirmed.*