**ADAM SCHUMANN ASSOCIATES, Inc., v. CITY OF NEW YORK.**

District Court, E. D. New York. June 25, 1928.

No. 3645.

1. **Municipal corporations** ⬅️63(1)—**Courts should be reluctant to interfere with classification of local improvement assessment into zones, unless clearly arbitrary and unequal.**

Classifying local improvement assessments according to different zones is not unfair in itself, and courts should be reluctant to interfere with such classifications, unless they are clearly arbitrary and unequal, and therefore fraudulent.

2. **Municipal corporations** ⬅️513(7)—**Reasonableness of classification of local improvement assessment according to zones depends on proof, and cannot rest on mere statement of reasons.**

Reasonableness of classification of local improvement assessment according to zones depends on proof offered at trial, and mere statement of reasons for classification is not proof that such reasons have substantial foundation.

3. **Municipal corporations** ⬅️472—**Public improvement assessment cannot be determined by hopes, speculation, or prejudice, but requires facts, and must be equal and uniform.**

Every property owner should pay his lawful share of a public improvement, and what that share is cannot be determined by hopes, or speculation, or prejudice, but on facts, so that the assessment therefor shall be equal and uniform.

4. **Dismissal and nonsuit** ⬅️73—**Whether sewer assessment was reasonable, fair, and equal could not be determined on motion to dismiss complaint in action involving validity of assessment.**

Whether fact that assessment for sewer construction has been so assessed that two-fifths of benefited area will bear four-fifths of the cost is reasonable, fair, and equal could not be determined on motion to dismiss complaint in action to recover part of assessment paid under protest, and for injunction against collecting assessments or incumbering plaintiff's property thereby, but must await trial.

5. **Municipal corporations** ⬅️513(7)—**Complaint alleging that four-fifths of cost of sewer construction was assessed against two-fifths of benefited area held sufficient to require answer (Const. U. S. Amend. 14).**

Complaint alleging that sewer assessment of specified amount has been so assessed that two-fifths of benefited area will bear four-fifths of the cost, and that plaintiff's rights have been taken away in violation of Const. U. S. Amend.

14, by the unlawful and arbitrary assessment, *held* sufficient to state cause of action to recover part of assessment paid under protest, and for injunction, as against motion to dismiss.

**6. Courts 351½—That case is of purely local interest does not require dismissal, where federal court has jurisdiction by reason of federal question being involved (Const. U. S. Amend. 14).**

That action involving validity of sewer assessment is one of local interest only does not require dismissal of complaint by federal court, where complaint raises question of arbitrary, unreasonable, and unequal classification of benefited property into zones, in violation of Const. U. S. Amend. 14, and plaintiff endeavored to obtain administrative relief without success.

In Equity. Action by the Adam Schumann Associates, Inc., against the City of New York. On defendant's motion to dismiss complaint. Motion denied.

O. Ellery Edwards, of New York City (Aaron Bearman and Irving M. Hartman, both of Brooklyn, N. Y., of counsel), for plaintiff.

George P. Nicholson, Corp. Counsel, of New York City (J. Joseph Lilly and Charles W. Miller, Asst. Corp. Counsel, both of New York City, of counsel), for defendant.

INCH, District Judge. This is a motion made by defendant for the dismissal of the complaint. The plaintiff made a motion for a statutory court to hear the motion, pursuant to section 380, title 28, U. S. C., section 266 of the Judicial Code (28 USCA § 380). Plaintiff's motion is denied. Ex parte Thomas E. Williams (May 21, 1928) 48 S. Ct. 523, 72 L. Ed. ——, citing Oklahoma Gas Co. v. Russell, 261 U. S. 290, 43 S. Ct. 353, 67 L. Ed. 659; Ex parte Buder, 271 U. S. 461, 46 S. Ct. 557, 70 L. Ed. 1036.

The complaint is brought by a corporation of New York state, domiciled in this Eastern district of New York, against the municipal corporation of the city of New York, likewise a citizen and resident of this district. There is no jurisdiction, therefore, in this federal court, unless the complaint on its face shows the action to be contemplated by the statute (28 U. S. C. § 41 [28 USCA § 41]). On its face the complaint asserts that plaintiff, a realty corporation, has been deprived of its property without due process of law, and has been denied the equal protection of the law. There is no diversity of citizenship.

In substance plaintiff claims that the city of New York, by its board of assessors and the board of revision of assessment, acting pursuant to the laws of the state of New York, assessed four-fifths of the cost of a relief sewer installed in drainage district 42 of the borough of Brooklyn, city of New York, Eastern district of New York, upon two-fifths of the area of said district; that plaintiff's property is located in this area or zone; that the assessment is unequal and purely arbitrary; and that, therefore, the assessment is fraudulent and void.

In other words, there is no allegation of fraud, but an inference is alleged on the theory that there must be fraud and invalidity, because plaintiff claims its property has been unjustly assessed. However, plaintiff does not complain of any assessment, but expressly limits its objection to an assessment amounting to more than $6,900. This would seem to indicate that plaintiff prefers to decide what the assessment shall be, apparently being content with an assessment less than $6,900. Plaintiff thereupon proceeds to allege that this assessment is a cloud upon the property of plaintiff and has depreciated its market value, and that it has no adequate relief at law; that plaintiff has paid part of said assessment under protest, and that the unpaid balance is still a lien.

Paragraphs 3, 4, 5, 6, 7, and 8 briefly set forth the installation of a sewer system in said district No. 42; that the section was then sparsely built up, and the sewer took care of the surface water, etc. The complaint then states, commencing with paragraph 9, that this section commenced to be built up, and that a relief sewer was duly planned and approved; that the map used was based on pre-existing maps and data in possession of the sewer department of the city, and the relief sewer was designed accordingly; that the board of assessors divided the district into three zones, bearing three rates of assessment, one at 8 cents a square foot, one at 3 cents a square foot, and one at one-half cent a square foot, respectively; that the first zone had some 11,000,000 square feet, the second zone had some 6,000,000 square feet, while the last zone had approximately 10,000,000 square feet.

In paragraph 13 it is alleged that the 8-cent zone contains substantially two-fifths of the district, the 3-cent zone one-fifth, and the remaining zone substantially two-fifths, so that under the apportionment as made substantially four-fifths of the cost of the relief sewer is put upon two-fifths of the district, and then in paragraph 14 the complaint continues that this 8-cent zone is well-drained ground, and now gets substantially the same sewage service that it received from the old sewer, prior to the installation of this relief

sewer, so that it derives no substantial direct benefit from this relief sewer.

Paragraph 15 is taken up with the discussion of the need of possible other relief sewers in certain areas, and that the adequacy of the old and relief sewer system is still to be tested.

Paragraph 16 alleges that the board of assessors gave as their reason for this division of the drainage district No. 42 into three zones that in the future the 3-cent and one-half cent zones will require additional sewer facilities, and that, when this happens, the new levies will bring the charge in all these zones to 8 cents a square foot, and equalization will ultimately occur.

Paragraph 17 argues against these reasons on the ground that such new sewers may not be built, that it is not certain that there will not be additional assessments on the 8-cent zone on account of such new sewers, and that future assessments are exceedingly speculative and uncertain.

The final paragraph, No. 18, alleges that, after the board of assessors had fixed the assessment tentatively due, proceedings were had, whereat this plaintiff appeared and objected to the assessments on the ground that they were arbitrary and unfair; that these objections were overruled, and that on appeal thereafter the board of revision of assessments approved same, and the assessment became a lien on or about June 19, 1927.

Plaintiff therefore asks that this court vacate the assessment and set the same aside as null and void, that all payments made by plaintiff be returned to plaintiff, and that the city of New York be restrained from collecting the assessments levied.

After this motion by defendant was made, there have been two amendments to the complaint pursuant to equity rule 28 (set out under 28 USCA § 723). On May 12, 1928, plaintiff amended its complaint by inserting allegations to the effect that "the suit was a test suit and a test suit brought to prevent a multiplicity of suits," etc., and on May 16, 1928, a further amendment was made by inserting a somewhat different prayer for relief; the amendment praying that "the assessments in question be declared null and void, and that they should be vacated and set aside, and that all moneys paid should be returned, and that an injunction against collecting any assessments or incumbering the property of the plaintiff issue," etc.

The sum and substance of the present complaint, for the purpose of this motion, is therefore that plaintiff has been assessed, together with a number of others, for the benefit of having a sewer; that the area on which this assessment has been laid has been divided into three parts; on one part the assessment is 8 cents a square foot, on another part 3 cents a square foot, and on the remaining part one-half cent a square foot; plaintiff's property is in the 8-cent zone; the reason given for this method of assessment is that the 3-cent zone property will in all probability need other sewers, and the one-half cent zone property will surely need other sewers; that when these other sewers are laid the assessments therefor will be placed on the 3-cent and one-half cent zones, without further assessment on the 8-cent zone, and thus, eventually, the entire area now assessed for an actual sewer will have an 8-cent assessment for all sewers, and the cost to all the owners of property in the area will be equalized, no one paying more for sewers than the other.

The only difficulty with this is that the assessments now made are for an actual sewer. The future sewers and future assessments are both in the future. During these coming years the administrations of the city government will come and go. Agitations for and against sewers will constantly exist. What is done by one administration may be upset by another. In the meantime, and while waiting for these sewers, deemed necessary or unnecessary, according to the turn of the majority, or local agitation, the plaintiff will have paid or be compelled to pay 8 cents a square foot for public improvement, while others, in the same area, will pay 3 cents and still others but one-half cent.

[1-3] Due allowance must be made for the plans and intention of those charged with the duty of making these public improvements. The courts will and should be reluctant to interfere with such classifications if same are not clearly arbitrary and unequal, and in that regard, fraudulent. The splitting up of an assessment into different zones is not something new or unfair in itself. It depends upon the facts behind the reasons given; such facts can only be ascertained at a trial. A mere statement of reasons is not proof that such reasons have any substantial foundation. Where a public improvement comes, it must be paid for, and every property owner should pay his lawful share. What that share is cannot be determined by hopes, or speculation, or prejudice, but on facts. Most of the many cases cited by both sides turn on facts rather than the law. The law is well settled that an assessment must be equal and uniform. The result here is claimed in the complaint to be that the sewer

assessment is over $685,000; that four-fifths of this sum has been assessed on two-fifths of the area. In other words, as it now stands, two-fifths of the property affected and benefited will pay four-fifths of the cost of the sewer.

As I have said the power to classify, for purposes of taxation, is not unusual, and its exercise is not disturbed by the court, provided the classification is shown to be reasonable, and not arbitrary, and the apportionment is based on a fair and substantial reason, "so that all persons similarly circumstanced shall be treated alike." Royster Guano Co. v. Virginia, 253 U. S. 412, 40 S. Ct. 560, 64 L. Ed. 989; Air-Way Corp. v. Day, 266 U. S. 71, 45 S. Ct. 12, 69 L. Ed. 169; Schlesinger v. Wisconsin, 270 U. S. 230, 46 S. Ct. 260, 70 L. Ed. 557, 43 A. L. R. 1224.

The reasonableness and the fair attempt at equality plainly rest upon proof in most cases. Assertions of the reasons, or mere statements of good intention, are not proof. It may well be that on the trial sufficient can be shown in this case to justify the trial court in finding that the classification was reasonable, and not arbitrary, and was fairly imposed. "Discriminations of an unusual character especially suggest careful consideration to determine whether they are obnoxious to the constitutional provision." Louisville Gas & Electric Co. v. Coleman (No. 70, October Term, 1927, April 30, 1928) 48 S. Ct. 423, 72 L. Ed. ——. "But classification good for one purpose may be bad for another; and it does not follow that, because the state may classify for the purpose of proportioning the tax, it may adopt the same classification, to the end that some shall bear a burden of taxation from which others under circumstances identical in all respects, save in respect of the matter of value, are entirely exempt." Louisville Gas & Electric Co. v. Coleman, supra.

Even the dissenting opinion of Mr. Justice Brandeis, in the above-cited Louisville Case, seems to recognize that it requires proof. "Recognizing that members of the Legislature of the state which made the classification, and members of the court which sanctioned it, necessarily possess greater knowledge of local conditions and needs than is possible for us, I should have assumed that this classification, which obviously is not invidious, was a reasonable one, unless some facts were adduced to show that it was arbitrary. Compare Heisler v. Thomas Colliery Co., 260 U. S. 245, 255, 43 S. Ct. 83, 67 L. Ed. 237; State of Ohio ex rel. Clarke v.

Deckebach, 274 U. S. 392, 397, 47 S. Ct. 630, 71 L. Ed. 1115. No such facts have been adduced by the company. On the other hand, facts called to our attention by counsel for the commonwealth, and of which we may take judicial notice (New Mexico ex rel. McLean v. Denver & Rio Grande R. R. Co., 203 U. S. 38, 50, 27 S. Ct. 1, 51 L. Ed. 78; Sligh v. Kirkwood, 237 U. S. 52, 61, 35 S. Ct. 501, 59 L. Ed. 835), show that the classification was adopted by the Legislature of Kentucky in an effort to equalize the tax burden." (Louisville Gas & Electric Co. v. Coleman, supra. Also see Gast Realty v. Schneider, 240 U. S. 55, 36 S. Ct. 400, 60 L. Ed. 526.

The defendant complains that the plaintiff's complaint refrains from stating in any form the ultimate facts upon which the court may conclude, or not, that the assessments in question were grossly unequal, arbitrary, or fraudulent. The defendant well says that authorities may make mistakes, and that the power to make mistakes is included in the power to make correct decisions. Crane v. Hahlo, 258 U. S. 142, 42 S. Ct. 214, 66 L. Ed. 514. But we are here concerned only with a complaint and not what may be shown by an issue or on a trial.

[4, 5] The complaint alleges that a sewer assessment of approximately $700,000, necessarily incurred for a sewer furnished to a certain area, has been so assessed that two-fifths of this area will bear four-fifths of the cost. However startling this may be as a matter of statement, it may be found to be, not only reasonable, but fair and equal. Such fact cannot be determined, however, on this motion, nor can I hold that a complaint that makes such an allegation fails as a matter of law to require an explanation from those who would seek to sustain such classification.

[6] The only remaining question that I need consider is one that naturally presents itself in connection with the consideration of this complaint. The defendant claims that the plaintiff should seek its redress, if it has any, in the state courts. The plaintiff likewise intimates, in counsel's brief, that others affected may go into the state court, but that it has chosen this forum, and, having exhausted its appeal to the Board of Appeals, without success, it can now go into the federal court.

Practically it makes little difference in what courthouse, in Brooklyn, the parties present their controversy. It would seem, however, that on a question of local character, such as an assessment for a sewer, the state courts would be the natural and proper

courts in which to criticize the correctness of such assessment. But this cannot be stated as a reason for dismissing the complaint, where the federal court has jurisdiction and its forum has been sought by a litigant.

As has been stated by Judge Manton: "Because the case is one of local interest only is entirely immaterial. If the parties are citizens of different states, or there is brought into question constitutional protection, the right of a plaintiff to choose the federal court, where there is a choice, cannot properly be denied. [Willcox] v. Consolidated Gas Co., 212 U. S. 19, 29 S. Ct. 192, 53 L. Ed. 382, 15 Ann. Cas. 1034, 48 L. R. A. (N. S.) 1134." Interborough Rapid Transit v. Gilchrist, decided May 2, 1928, reported in (D. C.) 26 F.(2d) 912.

As in the above case, plaintiff has endeavored to obtain administrative relief without success. It has now come to the question of going to some court for relief. On the face of its complaint, plaintiff alleges a classification that may reasonably be considered arbitrary, unequal, and in that sense fraudulent. The facts may ultimately show that this is not so. The plaintiff has selected this forum for trying out the case. The use of this court cannot be denied, as a matter of law, solely because the controversy is local.

Plaintiff alleges, on the face of its complaint, that its rights have been taken away, in violation of the Fourteenth Amendment of the Constitution of the United States, by an unlawful and arbitrary assessment. It alleges facts which may or may not be found to support such claim when the answer of the defense is interposed or a trial had.

There are other arguments made by plaintiff for jurisdiction of this suit for other reasons, as well as several arguments advanced by the defendant, as to why this court has no jurisdiction; but it is unnecessary to pass on any of such questions, in view of my decision that this court has jurisdiction, as above indicated, and that, assuming the facts of the complaint to be true, a cause of action is stated raising a federal question, and one which requires an explanation and possibly a trial.

All questions subsequently to be raised by another motion, or at a trial, I do not now decide. By a denial of this motion I decide nothing in connection with the merits or demerits of the classification or assessment. All that I do decide is that the plaintiff now shows sufficient to remain in this forum, which it has chosen, and that the defendant must answer.

Motion denied.