### CITY OF DES MOINES, IOWA, et al. v. DES MOINES GAS CO.

(Circuit Court of Appeals, Eighth Circuit. April 1, 1920.)

#### No. 5376.

1. **Courts** ☞102(1)—**Statute requiring injunctions to be granted by three judges not applicable to injunction against ordinance.**

Judicial Code, § 266, as amended by Act March 4, 1913 (Comp. St. § 1243), providing that no interlocutory injunction suspending or restraining the enforcement of any state statute, by restraining its officers in the enforcement or execution of such statute, or in the enforcement or execution of an order of an administrative board or commission, acting under the statutes of such state, shall be granted for unconstitutionality of the statute, except by three judges, does not apply to an injunction restraining enforcement of a city ordinance.

2. **Appeal and error** ☞1194(1)—**Modification of decree held not to affect provision for reinstatement.**

Where a decree dismissing a suit to restrain enforcement of an ordinance fixing a gas rate "with prejudice" provided that, after three years, application might be made for reinstatement, the Supreme Court's modification of the decree, by substituting "without prejudice" for "with prejudice," did not affect the provision regarding reinstatement, or deprive the District Court of power to reinstate the suit.

3. **Injunction** ☞148(1)—**Requiring bond for refund of collections by gas company, instead of impounding them, proper.**

In granting a temporary injunction restraining a city from enforcement of an ordinance fixing gas rates, it was proper for the court to require a bond for refund of collections in excess of such rate, in case of final determination that the injunction was wrongful, instead of impounding such collections.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Injunction ⬗12—Restraining enforcement of future ordinances prescribing rate less than specified improper.**

In a suit to enjoin enforcement of an ordinance fixing a rate of 90 cents per 1,000 cubic feet for gas, it was improper for the court to enjoin enforcement, not only of such ordinance, but of any other ordinance fixing a rate less than that specified by the court, as the court should not anticipate legislative action and fix its limitations for the future.

**5. Constitutional law ⬗70(1)—Prescribing rates is legislative function, and determining whether they are confiscatory judicial function.**

The prescribing of rates for public service corporations is essentially a legislative function, and the judicial function attaches when rates which have been prescribed are challenged as confiscatory.

Appeal from the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Suit by the Des Moines Gas Company against the City of Des Moines, Iowa, and others. From an order refusing to dissolve a temporary injunction, defendants appeal. Modified and affirmed.

Guy A. Miller and H. W. Byers, both of Des Moines, Iowa (Reson S. Jones and D. Cole McMartin, both of Des Moines, Iowa, on the brief), for appellants.

F. W. Sargent, of Des Moines, Iowa (J. G. Gamble, of Des Moines, Iowa, and J. W. Dana, of Kansas City, Mo., on the brief), for appellee.

Before HOOK and CARLAND, Circuit Judges, and YOUMANS, District Judge.

HOOK, Circuit Judge. This is an appeal by the city of Des Moines from an order refusing to dissolve a temporary injunction restraining the enforcement of an ordinance fixing a gas rate, upon the ground that it was confiscatory and therefore unconstitutional. The injunction was granted upon a reinstatement of the suit of Des Moines Gas Co. v. City of Des Moines (D. C.) 199 Fed. 204; Id., 238 U. S. 153, 35 Sup. Ct. 811, 59 L. Ed. 1244. The suit was begun by the company in 1910. In 1912, upon proofs and the report of a master, the trial court dismissed it "with prejudice," and with further provision in the decree that the company might after three years have the cause reinstated for further hearing upon the same record and such additional pleadings and evidence as each party might deem advisable. In 1915 the Supreme Court affirmed the decree, with a modification that the dismissal be without, instead of with, prejudice. In 1918, more than three years after the decision of the Supreme Court, the trial court reinstated the cause upon the motion of the company and allowed it to file an amended and supplemental bill. The temporary injunction now attacked was granted shortly afterwards by Judge Wade of the District Court.

[1] The city now contends that section 266 of the Judicial Code (Comp. St. § 1243) required the hearing and determination of the application for injunction to be by three judges, at least one of whom should be a Justice of the Supreme Court, or a Circuit Judge, and

that the District Judge alone was without jurisdiction. Section 266 relates to interlocutory injunctions "suspending or restraining the enforcement, operation, or execution of any statute of a state by restraining the action of any officer of such state in the enforcement or execution of such statute, *or in the enforcement or execution of an order made by an administrative board or commission acting under and pursuant to the statutes of such state.*" The words italicized were added to the section by the Act of March 4, 1913, 37 Stat. 1013 (Comp. St. § 1243). It is well settled that city ordinances were not within the purview of the section before it was amended (Calhoun v. Seattle [D. C.] 215 Fed. 226, and cases cited), and it is equally clear that they were not brought in by the change. The same reasons apply now as before. The new phrase was designed to embrace the orders of such general state administrative boards as railroad or public utility commissions, tax commissions, and the like.

[2] It is also urged that the modification and affirmance of the decree by the Supreme Court in 1915 finally disposed of the case, and that the trial court was without power to revive or reinstate it and to award an injunction then denied. The contention is obviously unsound. The Supreme Court left in full force the provision in the decree of the trial court for reopening the case. By modifying the dismissal to one without prejudice to future proceedings, it simply made the provisions of the decree harmonious. The result was to allow the ordinance rate in controversy to be adequately tried, and then in the light of practical experience to be subjected, if desired, to further judicial consideration without the necessity of a new or second suit. This accords with the approved practice in rate cases. Northern Pacific Ry. v. North Dakota, 216 U. S. 579, 30 Sup. Ct. 423, 54 L. Ed. 624; Id., 236 U. S. 585, 35 Sup. Ct. 429, 59 L. Ed. 735, L. R. A. 1917F, 1148, Ann. Cas. 1916A, 1.

[3] Complaint is also made that instead of impounding the collections by the company in excess of the enjoined rate, the trial court required it to give bond for their refund in case of a final determination that the interlocutory injunction was wrongful. The course pursued is a common one and was within the discretion of that court.

[4, 5] The rate prescribed by the ordinance was 90 cents per 1,000 cubic feet. The city was enjoined from enforcing, not only that ordinance, but also any other ordinance fixing a rate less than $1.10, with an additional 10 cents for delay in payment, or fixing the quality of the gas to be furnished at any other or greater standard than 560 standard British thermal units per cubic foot. Doubtless the court was of the opinion that, while the latter rate would be compensatory, any less would not be so; but the matter in controversy was the ordinance in existence and the 90-cent rate. The prescribing of rates for public service corporations is essentially a legislative function. The judicial function attaches when rates which have been prescribed are challenged as confiscatory. The court should not anticipate legislative action and fix its limitations for the future. New Orleans Waterworks v. New Orleans, 164 U. S. 471, 17 Sup. Ct. 161, 41 L. Ed. 518. It cannot be assumed in advance that the city might adopt

other ordinances, the enforcement of which would deprive the company of a reasonable return for the employment of its property in the public service.

The order of injunction is modified, by excluding from it the provisions as to future ordinances, and as so modified, it is affirmed.