## EX PARTE COLLINS.

No. — Original. Motion submitted April 30, 1928.—Decided June 4, 1928.

*Messrs. John W. Ray, Joseph C. Niles,* and *J. D. Collins,* pro se, were on the brief for petitioner.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This is a motion for leave to file in this Court a petition for a writ of mandamus to be directed to District Judge Jacobs of the federal court for Arizona. In a suit pending before that court the petitioner Collins, having made application for an interlocutory injunction, and having notified the Governor and the Attorney General of the State, requested Judge Jacobs to call two additional judges to sit with him as provided in § 266 of the Judicial Code as amended. Judge Jacobs denied the request and, sitting alone, denied the interlocutory injunction. The petitioner thereupon filed this motion. In the accompanying petition, he prays that Judge Jacobs be directed to set aside his order denying the injunction, and to call two judges to sit with him at the hearing. Mandamus is the appropriate remedy. *Ex parte Metropolitan Water Co.,* 220 U. S. 539, 546; *Ex*

*parte Williams, ante,* p. 267. But as we deem it clear that the case is not within the scope of § 266, we deny leave to file the petition. Compare *Ex parte Buder,* 271 U. S. 461.

The defendants in the suit are the City of Phoenix, Arizona, and Schmidt-Hitchcock, Contractors, a private Arizona corporation. The purpose of the suit is to enjoin the city, its officers, and the contractor, from proceeding under a resolution adopted by the city directing the paving of a street on which the petitioner is an abutting owner. The improvement was to be made pursuant to a general statute of Arizona, Civil Code, 1913, Title VII, c. XIII, and the cost was to be defrayed by bonds issued pursuant to another general statute, Session Laws, 1919, c. 144. They provide that the cost of the improvement shall be assessed against abutting property according to the benefit received, and that a lien shall thereon arise for the amount assessed. The petitioner claims that the statutes make no proper provision for giving the property owner a hearing, and that therefore they contravene the due process clause of the Fourteenth Amendment to the Federal Constitution. Schmidt-Hitchcock objected to the calling of additional judges on the ground that the case did not fall within the purview of § 266, but was merely one in which it was sought to prevent a municipal corporation and its officers from proceeding with a municipal improvement.

The suit is not one to restrain " the enforcement, operation, or execution " of a statute of a State within the meaning of § 266. That section was intended to embrace a limited class of cases of special importance and requiring special treatment in the interest of the public.[1]

---

[1] Senator Burton said of the amendment to the Commerce Court Act which later became § 266: " It evidently recognizes the superior degree of consideration and sanction which should be given to a state statute, and prevents hasty interference with the action of a sovereign state." 45 Cong. Rec. 7253.

The lower courts have held with substantial unanimity that the section does not govern all suits in which it is sought to restrain the enforcement of legislative action, but only those in which the object of the suit is to restrain the enforcement of a statute of general application or the order of a state board or commission. Thus, the section has long been held inapplicable to suits seeking to enjoin the execution of municipal ordinances,[2] or the orders of a city board.[3] And likewise it has been held that the section does not apply where, as here, although the constitutionality of a statute is challenged, the defendants are local officers and the suit involves matters of interest only to the particular municipality or district involved.[4] Despite the generality of the language, we think the section must be so construed.

---

[2] *Sperry & Hutchinson Co.* v. *City of Tacoma*, 190 Fed. 682; *Cumberland Telephone & Telegraph Co.* v. *City of Memphis*, 198 Fed. 955; *Birmingham Water Works Co.* v. *City of Birmingham*, 211 Fed. 497, affirmed, 213 Fed. 450; *Calhoun* v. *City of Seattle*, 215 Fed. 226; *City of Des Moines* v. *Des Moines Gas Co.*, 264 Fed. 506. See also *Land Development Co.* v. *City of New Orleans*, 13 F. (2d) 898, reversed on the merits, 17 F. (2d) 1016.

[3] *City of Dallas* v. *Dallas Telephone Co.*, 272 Fed. 410.

[4] *Connor* v. *Board of Commissioners*, 12 F. (2d) 789. In *Silvey* v. *Commissioners of Montgomery County*, 273 Fed. 202, 207, the court of three judges stated that "they had a serious doubt whether the conservancy district officers are state officers in such a sense as to justify a hearing under section 266, Judicial Code." Temporary injunctions were granted or denied by a single judge in *Bush* v. *Branson*, 248 Fed. 377, 385, 251 U. S. 182; *Thomas* v. *Kansas City Southern Ry. Co.*, 277 Fed. 708, 261 U. S. 481 (see original papers); *Cole* v. *Norborne Land District*, 270 U. S. 45 (see original papers); and *Missouri Pacific R. R. Co.* v. *Road Improvement District*, 288 Fed. 502. While there was a hearing before three judges in *Orr* v. *Allen*, 245 Fed. 486, 248 U. S. 35; *Lancaster* v. *Police Jury*, 254 Fed. 179, 180; *Columbia Investment Co.* v. *Long Branch Road District*, 281 Fed. 342; *St. Louis & Southwestern Ry. Co.* v. *Nattin, ante,* p. 157; and *Chicago, Milwaukee & St. Paul Ry. Co.* v. *Risty*, 276 U. S. 567,

Congress realized that in requiring the presence of three judges, of whom one must be a Justice of this Court or a circuit judge, it was imposing a severe burden upon the federal courts.[5] The burden was imposed because Congress deemed it unseemly that a single district judge should have power to suspend legislation enacted by a State. That the section was intended to apply only to cases of general importance is shown by the provision that notice of the hearing must be given to the Governor and the Attorney General—a precaution which would scarcely be deemed necessary in a suit of interest only to a single locality. Support for that view is found also in the provision for a stay of the suit in case there shall have been brought in a court of the State a suit to enforce the statute or order. That the provisions of § 266 applied to cases of unusual gravity was recognized by Congress in 1925, when, in limiting the right of direct appeal from the District Court to this Court, it carefully preserved that right in cases falling within the section. Cases like the present are not of that character. If the temporary injunction had been issued, the result would have been merely to delay a municipal improvement. Though here the alleged unconstitutionality rests in the enabling statute, the case does not differ substantially from one where the sole claim is that a city ordinance is invalid. Moreover, the enabling act is not itself being enforced within the meaning of § 266. That act merely authorizes further legislative action to be taken by the city, as by the resolution here in question. It is that municipal action, not the statute of a State, whose " enforcement, operation, or execution " the petitioner seeks to enjoin.

*Motion denied.*

---

it does not appear that the propriety of such a hearing was considered. See also *Browning* v. *Hooper*, 3 F. (2d) 160, 161; *Smith* v. *Wilson*, 273 U. S. 388.

[5] See 45 Cong. Rec. 7254–7257.