**Arthur R. ROSENBERG et al., Plaintiffs,**

**v.**

**James E. ALLEN, Jr., et al., Defendants.**

**No. 66 Civ. 1516.**

United States District Court
S. D. New York.

Aug. 12, 1966.

Kunstler, Kunstler & Kinoy, New York City, William M. Kunstler, Michael J. Kunstler, and Arthur Kinoy, New York City, of counsel, Jeremiah S. Gutman, New York City, Philip J. Hirschkop, Alexandria, Va. and Henry M. di Suvero, New York City, for plaintiffs.

John P. Jehu, Albany, N. Y., for defendant, James E. Allen, Jr., Com. of Education of State of New York, Charles A. Brind, Jr., Albany, N. Y., of counsel.

Isaac Rubin and Rosenman, Colin, Kaye, Petschek & Freund, New York City, for defendants Joseph Carol, Frank Begrisch, J. Stewart Barney, Thekla Fink, John C. Taylor, D. E. Woodworth and Isadore Yasgur.

Baker, Nelson, Williams & Mitchell, New York City, for defendants Vosler, McIntyre, Morris, Stark and Capozzola.

Leinwand, Maron & Hendler, New York City, for defendant Philip Rosen, Irving M. Maron, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., of State of New York, New York City, pro se as intervenor, Samuel A. Hirshowitz, First Asst. Atty. Gen., and George D. Zuckerman, Asst. Atty. Gen., of counsel.

## OPINION

HERLANDS, District Judge:

Seeking redress for certain alleged violations of their constitutional rights, Arthur R. Rosenberg and others have commenced this class action naming as defendants fourteen specified individuals. The defendants include the President of the University of the State of New York, the superintendent of the Rye Neck, New York school district, designated trustees of the board of education of that school district, and the membership of a group known as the "Committee for the Advancement of the Bill of Rights."

Mr. Rosenberg was employed as a probationary teacher in a Rye Neck elementary school. By a letter dated April 7, 1966, Mr. Rosenberg was informed by the superintendent of his school district that, pursuant to Section 3012(1) of the New York Education Law, McKinney's Consol.Laws, c. 16, the board of education was exercising its prerogative and discontinuing his services at the close of the 1965–66 school year. The pertinent part of that statute reads as follows:

"The service of a person appointed to any of such positions [probationary teachers, etc.] may be discontinued at any time during such probationary period, on the recommendation of the superintendent of schools, by a majority vote of the board of education."

The gravamen of the complaint is that Mr. Rosenberg's employment was not terminated for any legally sufficient reason. It is alleged that he was the victim of a conspiracy, the purpose of which was to effect the discontinuance of his employment as a school teacher in the Rye Neck school district because of certain views he holds and has seen fit in the past to express publicly about United States participation in the war in Viet Nam. It is further alleged that the termination of his employment for such reasons deprived Rosenberg of certain rights afforded him by the United States Constitution and varius federal statutes.

A number of motions are presently before the court for adjudication. The court will treat each of them separately.

### I.

The plaintiffs have moved, pursuant to 28 U.S.C. § 2281 and § 2284, for an order convening a three-judge district court to hear and determine this proceeding. (Motion No. 78). That motion is denied for the reasons hereinafter set forth.

It is the plaintiffs' position (see memorandum of law annexed to plaintiffs' motion) that this court is obliged to convene a three-judge court because the complaint seeks, among other relief, "a declaration of the Constitutional invalidity on its face of the section of the Education Law in the State of New York set forth in the complaint which provides for summary dismissal of certain teachers, principals, supervisors and members of the teaching and supervisory staff of certain schools without notice, hearing, or statement of reasons for any such dismissal"; and "an injunction permanently restraining the defendants from enforcing the said provisions on the ground that they violate the provisions of the United States Constitution and Laws, particularly the First and Fourteenth Amendments to the Constitution of the United States"; and because Rosenberg allegedly "was dismissed from a school district, pursuant to the said provision, even though he is admittedly a fine and qualified teacher because he expressed outside the classroom, but publicly, thoughts of an unpopular nature with respect to the carrying on of the Viet Nam war by the United States of America."

The fatal defect in the plaintiffs' position is that if, on the one hand, they are indeed attacking the constitutional validity of Section 3012(1) of the New York Education Law, their attack plainly lacks substantiality and must be labeled frivolous and insufficient to require the convening of a three-judge court. If, on the other hand, they are not attacking the constitutionality of the statute itself but rather the wrongful invocation of a constitutional statute to give color of authority to an unconstitutional act on the part of those charged with the statute's administration, then it is equally well settled that no three-judge court need be convened.

There is nothing on the face of the statute in question to suggest even remotely that the enacting legislature intended to confer upon the several boards of education of New York State the power to discharge probationary teachers for reasons which violate the United States Constitution. There is no basis, either in logic nor in the statute's language, to ascribe such a purpose to the New York Legislature. Moreover, the plaintiffs have not brought to this court's attention a single case wherein the courts of the State of New York have given such a construction to the statute. If Rosenberg's employment was, in fact, terminated because of his exercise of rights guaranteed to him under the federal Constitution, then such termination was clearly not authorized by Section 3012(1), both as written and as interpreted by the courts of New York State.

A passage from page 27 of the memorandum plaintiffs filed on July 29, 1966 in support of this motion is illuminating:

> "The Attorney-General, in his brief opposing the convening of a three-judge court, completely misunderstands the gravamen of plaintiff Rosenberg's cause of action. In particular, plaintiff is not claiming that he has a vested right to government employment or that probationary teachers are entitled to formal charges or a hearing as a condition precedent to the failure to renew their contracts. What he is advancing is the proposition that *a teacher without tenure may not be punished by the failure to renew his contract because of his exercise of a fundamental constitutional right,* and, that § 3012, subdivision 1, should, at the very least, provide that he be furnished with the reason or reasons for such failure if he so desires." (Emphasis added.)

The court finds the underlined portion of the quotation indisputable. However, if a teacher is so punished by his school board, it does not follow that the statute authorizes such punishment and is, therefore, unconstitutional.

It would seem that the real thrust of the complaint is that, because of his exercise of constitutionally protected rights, Rosenberg's employment was wrongfully terminated not only in contravention of the United States Constitution but by acts which were outside the scope of the authority conferred upon the board of education by Section 3012(1). Therefore, it is not necessary to convene a three-judge court; and, accordingly, plaintiffs' motion is hereby denied. So ordered.

## II.

■ Defendants Vosler, Jr., McIntyre, Morris, Stark and Capozzola have moved for an order, pursuant to Fed.R.Civ.P. 12(b) (1), dismissing the complaint against them for lack of subject matter jurisdiction. (Motion No. 63.) Defendant Rosen has independently made a similar motion on his own behalf. (Motion No. 65.) Both of these motions are denied for the reasons hereinafter set forth.

While the complaint is not a model of lucidity, it is the court's understanding of the allegations it contains that the plaintiffs take the position that the conspiracy to deprive Rosenberg of his teaching position originally consisted solely of the defendants constituting the membership of the "Committee for the Advancement of the Bill of Rights." It is alleged in the complaint that defendant Carol and the defendant trustees were, at first, victims of the original conspirators. However, it is further alleged in subsequent paragraphs of the complaint that there came a time when those victims became coconspirators and acted in furtherance of the common conspiratorial purpose—to terminate Rosenberg's employment as a teacher because of his exercise of his constitutionally protected rights. (See especially paragraphs "FOUR-TEENTH" and "TWENTY-FIFTH" of the complaint.)

If the moving defendants were, in fact, coconspirators with superintendent Carol and the defendant trustees in a conspiracy to deprive Rosenberg of his teaching position in violation of his constitutionally protected rights by the use of the official positions of certain of the conspirators, then there can be little doubt that this court has subject matter jurisdiction in the case at bar. Whether plaintiffs will be able to sustain their burden of persuasion as to the actual existence of such a conspiracy upon the trial of this action is a matter not presently before the court. Defendants' motions to dismiss for lack of subject matter jurisdiction are hereby denied. So ordered.

## III.

Defendant James E. Allen, Jr., as Commissioner of Education of the State of New York, has moved, pursuant to Fed. R.Civ.P. 21, for an order dropping him as a party defendant on grounds of misjoinder. Alternatively, defendant Allen moves, pursuant to Fed.R.Civ.P. 12(b) (6), for an order dismissing the action as to him upon the ground that the complaint fails to state a claim against him upon which relief may be granted. He moves "in the second alternative" for an order on behalf of all of the defendants dismissing the action for failure to state a claim upon which relief may be granted "and in connection therewith for an order, pursuant to Rule 21 of the Federal Rules of Civil Procedure, dropping all parties-plaintiff other than Arthur R. Rosenberg from this action for misjoinder of parties." (Motion No. 66.)

The court notes that, upon the oral argument of this matter, Mr. Gutman, one of the plaintiffs' attorneys, stated that they did not contend that Mr. Allen was a member of the alleged conspiracy. Nevertheless, the only argument plaintiffs have advanced in opposition to this motion is that a three-judge court must be convened and, therefore, only the

three-judge panel may decide this motion. However, this court has determined that a three-judge court is not required in the instant case. The plaintiffs have made no allowance in their memoranda for the possibility that such a contingency might become a reality. Rather than penalize the plaintiffs for their over-confidence in their single theory, the court finds that, in the interests of justice, disposition of this motion should be held in abeyance pending the plaintiffs' submission of a supplemental memorandum addressed to the merits of this motion. Accordingly, the court hereby orders that the plaintiffs serve upon all parties and file such a memorandum on or before 5 P.M., August 18, 1966. The defendants, if so advised, may serve and file a reply memorandum on or before 5 P.M., August 23, 1966. So ordered.

### IV.

Defendants McIntyre, Vosler, Jr., Morris, Stark and Capozzola have made a motion, pursuant to Fed.R.Civ.P. 56, "for summary judgment dismissing the complaint herein" as to them. (Motion No. 64.) That motion is denied for the reasons hereinafter set forth.

Fed.R.Civ.P. 56(c) provides that summary judgment shall be granted if the record before the court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 9(g) of the General Rules of this court requires a party moving for summary judgment to annex to his notice of motion "a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." A similar statement is required of the opponent of the motion, stating the material facts as to which he contends that there is a genuine issue to be tried.

A close reading of the Rule 9 (g) statements and affidavits submitted in support of and in opposition to the defendants' motion for summary judgment has convinced the court that the motion must be denied because there are genuine issues of material fact which must be tried. More accurately, virtually all of the issues of material fact are in dispute. The submission of affidavits by the defendants saying, in effect, "we didn't" and opposing affidavits by plaintiffs saying "you did" is not justification for taking the disputed issues of fact from the fact-trier and deciding those issues as a matter of law. Defendants' motion for summary judgment is hereby denied. So ordered.