**Robert L. VANDYGRIFT, Plaintiff-Appellant,**

v.

**HOME RULE CHARTER COMMISSION, HILLSBOROUGH COUNTY, FLORIDA, Defendant-Appellee.**

**No. 28812**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

April 15, 1970.

---

Robert L. Vandygrift, pro se.

John R. Lawson, Jr., Tampa, Fla., for defendant-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM.

■ This is an appeal from a final order of the District Court dismissing appellant's complaint which seeks the empanelling of a three-judge court to declare unconstitutional a Florida statute[1] creating the Hillsborough Home Rule Charter Commission, and to restrain the Commission from carrying out any provisions of the statute.[2]

■ We agree that the District Court properly dismissed the complaint for lack of jurisdiction. The statute in question is a special act of the Florida Legislature and is of local application affecting Hillsborough County, Florida, only. Consequently, a three-judge federal court is not required. 28 U.S.C. § 2281; Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967); Rorick v. Board of Com'rs, etc., 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242 (1939); Ex Parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990 (1928); Mansell v. Saunders, 5 Cir., 1967, 372 F.2d 573.

Affirmed.

1. Referred to by the parties as House Bill No. 2694, Laws of Florida, Acts of 1969 (to be promulgated as 69–1148; Vol. 2, Part 1, of Special Laws).

2. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I.