Burton L. ASCHEIM, Jr., Kenneth P. Boas, Mark Cohen, Robert L. Ruck and Thomas W. Simonds, Plaintiffs,

v.

Francis QUINLAN, Police Officer of the City of Pittsburgh and President of Fort Pitt Lodge No. 1, Fraternal Order of Police, Stephen Joyce, Superintendent of the City of Pittsburgh Police Department; Robert W. Duggan, District Attorney of Allegheny County, William Gilmore, Assistant Superintendent of the City of Pittsburgh Police Department, Charles Sachko, Police Officer of the City of Pittsburgh, Harold Friedman, Police Officer of the City of Pittsburgh, Terrence O'Leary, Police Officer of the City of Pittsburgh, Nicholas Radick, Police Officer of the City of Pittsburgh, John Swearingen, Police Officer of the City of Pittsburgh, Ronald Freeman, Police Officer of the City of Pittsburgh, and John Doe and Richard Roe, Police Officers of the City of Pittsburgh, Defendants.

Civ. A. No. 70–670.

United States District Court,
W. D. Pennsylvania.

June 25, 1970.

Martha F. Alschuler, Philadelphia, Pa., Harry F. Swanger, Michael Louik, Pitts-burgh, Pa., William M. Kunstler, New York City, for plaintiffs.

No appearance filed for defendants.

## OPINION

GOURLEY, Senior Judge:

This is a Complaint for injunctive and declaratory relief filed by five individuals who currently face prosecution in the Criminal Division of the Court of Common Pleas of Allegheny County, Pennsylvania. All of the plaintiffs are charged with aggravated assault and battery upon a police officer[1] and inciting to riot,[2] and certain of the plaintiffs are charged additionally with disorderly conduct[3] and resisting arrest.[4] Defendants are the Superintendent and Assistant Superintendent of the City of Pittsburgh Police Department, various police officers, and the District Attorney of Allegheny County.

It is asserted that the jurisdiction of the Court over the Complaint arises under Title 28 U.S.C. Sections 1331, 1332, 1343, 2201, 2202, 2281 and 2284, Title 42 U.S.C. Sections 1983 and 1985 and the Constitution of the United States, particularly the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments thereto.

The Complaint alleges that the defendants, acting under the color of statutes of the Commonwealth of Pennsylvania, both individually and pursuant to a common plan or scheme have deprived plaintiffs of rights, privileges and immunities secured to them by the Constitution and laws of the United States. Allegedly, defendants have subjected and are subjecting plaintiffs to violence, intimidation, humiliation, arrests without probable cause and prosecution without basis in fact solely on account of plaintiffs' physical appearance and political beliefs, and with an ultimate objective of chilling the efforts of plaintiffs, as well as the efforts of their friends and sup-

---

1. 18 Purdon's Pa.Stat.Ann. § 4314.1.

2. A common law offense.

3. City of Pittsburgh Ordinance No. 580 of 1968.

4. 18 Purdon's Pa.Stat.Ann. § 4314.

porters, to peaceably demonstrate their objection to the war in Vietnam and to express criticism of police misconduct.

Specifically, it is alleged that two of the plaintiffs, as well as friends and supporters, engaged in a silent vigil at 12 o'clock midnight on March 18, 1970, in front of the Federal Building in downtown Pittsburgh to protest the policy of the United States in Vietnam and the operation of the Selective Service System. Allegedly, said persons, at or about 1 o'clock A.M., removed to the homes of members of local draft boards to continue the protest, and, in the course of this latter stage of the vigil, eight individuals including one of the plaintiffs were arrested for disorderly conduct by officers of the City of Pittsburgh.

The arrestees were preliminarily arraigned at or about 10 o'clock A.M. on the following morning in the Police Magistrate's Court of the City of Pittsburgh. It is set forth that a large number of the arrestees' friends and supporters, including the remaining plaintiffs herein, attended the hearing as spectators and that a similarly large number of police officers also were present. During the midst of the hearing, it is alleged that all of the plaintiffs were subjected to unprovoked, brutal physical abuse by the police officers present and subsequently variously charged, again without provocation, with aggravated assault and battery upon a police officer, inciting to riot, resisting arrest and disorderly conduct.

It is asserted in the Complaint that the statutes under which plaintiffs are charged are unconstitutional as applied to plaintiffs, and the Court is requested to enjoin the prosecutions of plaintiffs under said statutes. For this purpose, the convening of a three-judge district court is requested pursuant to Title 28, U.S.C. Sections 2281 and 2284. Also, plaintiffs seek a declaratory judgment to the effect that the disorderly conduct ordinance of the City of Pittsburgh, Ordinance 580 of 1968, is unconstitutional on its face. Pending a hearing upon the

requests for final relief, a preliminary injunction is sought.

The immediate question before the Court is whether a three-judge district court is properly to be convened in this action. Section 2284 of 28 U.S.C. provides, in part:

" § 2284. Three-judge district court; composition; procedure

In any action or proceeding required by Act of Congress to be heard and determined by a district court of three judges the composition and procedure of the court, except as otherwise provided by law, shall be as follows:

(1) The district judge to whom the application for injunction or other relief is presented shall constitute one member of such court. On the filing of the application, he shall immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. Such judges shall serve as members of the court to hear and determine the action or proceeding."

Under 28 U.S.C. Sections 2281 and 2284(1) this Court is required to ask the Chief Judge of the United States Court of Appeals for the Third Circuit to convene a three-judge district court only if there is a substantial, non-frivolous attack upon the constitutionality of a Pennsylvania statute but not otherwise. Swift & Co. v. Wickham, 382 U.S. 111, 115, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794; Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152 (1933).

The term "statute" as employed in Section 2281, does not encompass municipal ordinances. Moody v. Flowers, 387 U.S. 97, 101–102, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1966); Ex parte Collins, 277 U.S. 565, 567, 48 S.Ct. 585, 72 L.Ed. 990 (1928). Here, plaintiffs have joined claims challenging the constitutionality of statutes of the Commonwealth of Pennsylvania, the common law

crime of inciting to riot and an ordinance of the City of Pittsburgh. The joinder of the claim challenging the municipal ordinance is inappropriate for purposes of a three-judge district court, and the attacks upon the ordinance and its enforcement present issues properly triable only before a single judge. Landry v. Daley, 280 F.Supp. 929, 937 (N.D. Ill.1967).

■ Similarly, the crime of inciting to riot, being a common law offense, does not come within the ambit of the term "statute" as used in Section 2281. Section 2281 is not "a measure of broad social policy to be construed with great liberality, but * * * an enactment technical in the strict sense of the term and to be applied as such." Phillips v. U. S., 312 U.S. 246, 251, 61 S.Ct. 480, 483, 85 L.Ed. 800 (1941). Thus, the challenge to the constitutionality of this common law offense and the enforcement thereof also must be regarded as triable only before a single judge.

■■ With respect to the statutory offenses of aggravated assault and battery on a police officer[5] and resisting arrest[6], the question is whether the constitutional challenge to these statutes is substantial. Plaintiffs do not assert that these statutes are unconstitutional on their face. No contention is made that the statutes are vague or overly broad, so as to result in an inhibition or proscription of conduct which is protected by the First Amendment to the Constitution. Nor could such a contention reasonably be made, for it is clear that the First Amendment, while protecting rights of freedom of speech and peaceful assembly, does not protect conduct which is violent nor does it protect acts and words likely to produce violence in others. Feiner v. New York, 340 U.S. 315, 320, 71 S.Ct. 303, 95 L.Ed. 267 (1950). The statutes in question here, by their express language and as interpreted by the Supreme Court of Pennsylvania, proscribe only conduct which is violent or words which threaten

violence. See Commonwealth ex rel. Walker v. Sheriff, 3 Brewst. (Pa.) 343 (1869), with respect to 18 P.S. § 4314, and Commonwealth v. Comber, 374 Pa. 570, 582, 97 A.2d 343 (1953) with respect to 18 P.S. § 4314.1.

■ Plaintiffs assert, however, that the aggravated assault and battery and resisting arrest statutes have been applied to them in an unconstitutional manner. In support of this assertion, plaintiffs allege arbitrary acts of officers of the City of Pittsburgh in physically abusing the plaintiffs and initiating criminal process against them. It is well settled that, if as here, plaintiffs do not in substance attack the constitutionality of the statutes themselves but rather the wrongful invocation of the statutes, constitutional on their face, to give color of authority to unconstitutional acts on the part of those charged with the statutes' administration, a three-judge district court need not be convened. Ex parte Collins, 277 U.S. 565, 567, 48 S.Ct. 585, 72 L.Ed. 990 (1927); Ex parte Bransford, 310 U.S. 354, 361, 60 S.Ct. 947, 84 L.Ed. 1249 (1939); Rosenberg v. Allen, 258 F.Supp. 511, 513 (S.D.N.Y.1966).

Having determined that the convening of a three-judge district court is not warranted, there remains for consideration whether this Court should entertain for the consideration of a single judge, the requests for injunctive and declaratory relief.

■■ The request for an injunction restraining the plaintiffs' State criminal prosecutions is not lightly to be entertained. It has been recognized by the Supreme Court of the United States that "federal interference with a State's good faith administration of its criminal laws is peculiarly inconsistent with our federal framework." Dombrowski v. Pfister, 380 U.S. 479, 484, 85 S.Ct. 1116, 1120, 14 L.Ed.2d (1964). It is ordinarily to be assumed that one who stands accused of State offenses will be afforded a full opportunity to raise constitution-

---

5. 18 Purdon's Pa.Stat.Ann. § 4314.1.

6. 18 Purdon's Pa.Stat.Ann. § 4314.

al defenses in the course of the State criminal proceeding, for the State Courts as well as the federal courts are beholden to apply the Constitution as the supreme law of the land. Only exceptional circumstances will "warrant cutting short the normal adjudication of constitutional defenses in the course of a criminal prosecution." Dombrowski v. Pfister, supra, at 485, 85 S.Ct. at 1120.

In the limited circumstances of the *Dombrowski* case, the Supreme Court of the United States found that a federal district court possessed authority to enjoin planned multiple prosecutions under a sweeping State subversive activities law, the mere threat of prosecution under which was regarded as having a chilling effect upon the exercise of freedom of expression under the First Amendment. The alleged plan of further multiple prosecutions was there deemed sufficient to demonstrate a threat of irreparable harm requisite for federal equity jurisdiction.

 Here, however, the prosecutions are not merely threatened but rather are currently pending. The allegations of the Complaint do not substantiate a threat of harm or injury in the future, beyond that injury incidental to the pending criminal prosecutions, wherein plaintiffs may obtain a prompt trial and ultimate appeal to the Supreme Court of the United States. That inconvenience or injury incidental to the pending criminal prosecutions is not such as to justify the interference of a federal district court sitting in equity. Stefanelli v. Minard, 342 U.S. 117, 122–123, 72 S.Ct. 118, 96 L.Ed. 138 (1951); Douglas v. City of Jeannette, 319 U.S. 157, 163, 63 S.Ct. 877, 87 L.Ed. 1324 (1942). The want of proper equity jurisdiction may be raised by the Court sua sponte. Douglas v. Jeannette, supra.

 Nor is it appropriate for the Court to take cognizance of the claim for declaratory relief during the pending of the State criminal proceedings. Richardson v. Dudley, 295 F.Supp. 181, 186 (S.D.N.Y.1969). To entertain a request for declaratory relief at this time would be no less an interference with the pending proceedings than would consideration of injunctive relief.

 While a federal district court may abstain from the adjudication of constitutional issues only in narrow circumstances, the Court finds that such circumstances exist here. Relevant considerations are whether a decision upon a federal constitutional question may be avoided by affording the State courts an opportunity to construe a heretofore uninterpreted provision of State law; whether a premature decision of State law would be an unnecessary interference with the State Courts, straining relations between the two sovereigns; whether a plain, speedy and efficient remedy may be had in the courts of the State; and whether the claimed constitutional rights of the plaintiffs can be adequately protected by review of the State Court's determination on appeal to the Supreme Court of the United States. See Urbano v. Board of Managers of New Jersey State Prison, 415 F.2d 247 (3d Cir. 1969).

The Court has found no instance to date in which the Supreme Court of Pennsylvania has been afforded the opportunity to interpret or construe Ordinance 580 of 1968 of the City of Pittsburgh, and a decision upon the constitutionality of the same may possibly be avoided by virtue of the interpretation or construction placed upon the ordinance by the State Courts. The pending State criminal actions will provide a forum for a plain, speedy and efficient remedy.

 Plaintiffs' particular challenge to the constitutionality of Ordinance 580 of 1968 may be raised in the State criminal actions and, on appeal, in the Pennsylvania appellate courts, and, if necessary, in the Supreme Court of the United States. The claim that plaintiffs were arrested for engaging in constitutionally protected activity may be asserted as a defense in the State criminal actions. If proven, acquittal would be

required. With respect to the challenged actions of the police officers of the City of Pittsburgh, should it appear in the criminal actions not only that plaintiffs were innocent of the charges brought against them but also that various officers, acting in bad faith, intentionally deprived them of rights under the Constitution and laws of the United States, civil suits for damages under 42 U.S.C. § 1983 may later be deemed warranted.

The Court is of the opinion that abstention is appropriate. Upon abstaining, the Court may dismiss the action. Urbano v. Board of Managers of New Jersey State Prison, supra, at 255–256.

### ORDER

Now, this 25 day of June, 1970, it is hereby ordered that plaintiffs' request for the convening of a three-judge district court be and the same is hereby denied and, acting upon its own motion, the Court further orders that the Complaint be dismissed.