Pearly WILSON, C–6811, on his own behalf and on behalf of all others similarly situated in Pennsylvania's penal system,

v.

The POST CONVICTION HEARING ACT OF the COMMONWEALTH OF PENNSYLVANIA, Act of January 25, 1966, P.L. (1965), 1580, 19 P.S. § 1180–1 through 14. (A Statute of Statewide application).

Civ. A. No. 71–16.

United States District Court,
W. D. Pennsyslvania.

Jan. 6, 1971.

Pearly Wilson, pro se.

William C. Sennett, Atty. Gen., Harrisburg, Pa., for defendant.

## MEMORANDUM OPINION

GOURLEY, District Judge.

In this Complaint plaintiff, a State prisoner, asserts a challenge to the constitutionality of the Pennsylvania Post Conviction Hearing Act of 1966, 19 Purdon's Pa.Stat.Ann. § 1180–1 et seq. (1970 App.). Seeking to proceed on behalf of himself and all other similarly situated inmates of Pennsylvania penal institutions, he requests declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and the convening of a three-judge court pursuant to 28 U.S.C. §§ 2281–2284 for purposes of entertaining a request for injunctive relief.

■ Plaintiff fails to allege the jurisdictional amount which is a prerequisite to federal question jurisdiction under 28 U.S.C. § 1331. Thus, if subject matter jurisdiction exists, it must rest upon the Civil Rights Statutes, 28 U.S.C. § 1343 and 42 U.S.C. §§ 1983 and 1985. The defendant is not a "person" within the meaning of 42 U.S.C. §§ 1983 and 1985, and is otherwise an improper defendant under the Federal Rules of Civil Procedure. The Complaint may be dismissed on that ground. However, it is also deficient in other respects.

■ Under 28 U.S.C. §§ 2281 and 2284(1), a three-judge court is to be convened only if there is a substantial, non-frivolous attack upon the constitutionality of a state statute but not otherwise. Swift & Co. v. Wickham, 382 U.S. 111, 115, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794; Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L. Ed. 152 (1933). Even where a state statute is attacked as unconstitutional, a three-judge court is not to be convened unless the action complained of is directly attributable to the statute. Ex parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L. Ed. 990 (1927); Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1939). If the attack is not upon the constitutionality of the statute itself but rather upon "the wrongful invocation of a constitutional statute to give color of authority to an unconstitutional act on the part of those charged with the statute's administration, then it is * * * well settled that no three-judge court need be convened." Rosenberg v. Allen, 258 F.Supp. 511 (S.D.N.Y. 1966).

■ The instant Complaint purports to challenge the constitutionality of the

Pennsylvania Post Conviction Hearing Act, *supra,* on its face. However, the specific allegations are that the members of the Pennsylvania judiciary have failed to afford prompt hearings under the Act, to grant relief where merited and otherwise to carry out the letter and spirit of the Act. Thus, plaintiff's challenge, in substance, is directed to the alleged improper administration of the Act. No substantial question is presented as to the constitutionality of the Act on its face, and the request for the convening of a three-judge court will be denied.

 The action is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff asserts that members of the State judiciary fail to afford prompt relief under the Act, deny evidentiary hearings and decide post-conviction proceedings without due regard to facts. These broad and unsupported generalizations are not sufficient to establish the existence of questions of law or fact common to an ascertainable class of persons.

The remaining issue is whether plaintiff, as an individual, is entitled to declaratory and/or injunctive relief upon his allegations of the unconstitutional administration of the Act by the State judiciary. In a civil rights complaint, conclusory allegations that unspecified constitutional rights have been infringed are insufficient; plaintiff must show by specific factual allegations such misconduct and resultant harms as will permit an informed judgment as to whether the wrong complained of is of federal cognizance. Rodes v. Municipal Authority of Borough of Milford, 409 F.2d 16 (3d Cir. 1969); Negrich v. Hohn, 379 F.2d 213 (3d Cir. 1967); United States ex rel. Hoge v. Bolsinger, 311 F.2d 215 (3d Cir. 1962). The allegations of the instant Complaint are wholly conclusory and lacking in the requisite factual specificity. The Complaint merits dismissal on this ground. Negrich v. Hohn, *supra.*

Some reference is made by plaintiff to certain post-conviction proceedings which he has instituted in the Court of Common Pleas of Erie County, Pennsylvania. This has been the subject of numerous habeas corpus proceedings in this Court, among which are Civil Actions 68–627, 68–1018 and 70–494. These are dispositive of the matters here. An appropriate order is entered.

### ORDER

NOW, this 6 day of January 1971, the Clerk of Court is directed to file the instant Complaint in forma pauperis and the same is dismissed as frivolous. Leave to appeal in forma pauperis is denied.