**Virchus TILLMAN et al., Plaintiffs,**

v.

**DADE COUNTY SCHOOL BOARD, a body corporate and politic under the laws of the State of Florida, Defendant,**

**The State of Florida and the Florida State Board of Education, Intervenor Defendants.**

**No. 70–699–Civ–TC.**

United States District Court,
S. D. Florida.

June 7, 1971.

Sally Weintraub, Legal Services Program, Inc., Miami, Fla., for plaintiffs.

Bolles, Goodwin, Ryskamp & Ware, Miami, Fla., for Dade County School Board.

Robert L. Shevin, Atty. Gen., for State of Florida.

Rivers Buford, Jr., Tallahassee, Fla., for Fla. State Bd. of Education.

Before RONEY, Circuit Judge, and MEHRTENS and CABOT, District Judges.

## FINAL ORDER

CABOT, District Judge:

The complaint in this case, filed pursuant to the provisions of 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 2201 and 28 U.S.C. § 2202, presents to this panel, convened pursuant to the provisions of 28 U.S.C. § 2281 and § 2284, the issue of the constitutionality of Florida Statute 232.26, F.S.A., on its face and as applied.

The complainants in this cause are Black high school students who were suspended from South Dade High School by the school's principal acting pursuant to the authority granted him by Florida Statute 232.26, F.S.A. The suspensions were made following riots and disruptions which occurred on May 7 and May 8, 1970, on the grounds of the school and which were participated in by Black and White students alike and which were not substantially caused by students of any particular race. In accordance with the statute the principal suspended for ten days 48 students some of whom were subsequently suspended for longer periods or expelled by the Superintendent of Schools of Dade County, acting under other statutory authority.

The plaintiffs have alleged that Florida Statute 232.26, F.S.A. is unconstitutionally vague and indefinite on its face in that it grants to defendants an improper and unlawful discretion to peremptorily suspend plaintiffs, that the statute is violative of due process of law in that it fails to provide for a hearing prior to suspension, and finally that the statute was primarily and exclusively employed by the principal against the Black students at the school in violation of the Fourteenth Amendment's equal protection clause. Additionally, while not presented in the complaint, the parties in their pretrial stipulation have also raised the issue of the constitutionality of School Board Policy-Regulation #5114 on its face and as applied and as to the policy-regulation as it existed in May, 1970, and as subsequently amended on August 5, 1970. Policy-Regulation #5114 sets forth the procedures to be followed in suspending or expelling students.

The defendants have denied that Florida Statute 232.26, F.S.A., is unconstitutional on its face or as applied and have denied that Policy-Regulation #5114 is unconstitutional on its face or as applied. Additionally, the Florida State Board of Education, intervenor defendant, takes the position that the constitutionality of the policy-regulation is not properly a matter for a three-judge court.

## CONSTITUTIONALITY OF FLORIDA STATUTE 232.26

Florida Statute 232.26, F.S.A., provides as follows:

*Authority of Principal.* Subject to law and rules and regulations of the state board and of the county board, the principal or teacher in charge of a school may delegate to any teacher or other member of the instructional staff or to any bus driver transporting pupils of the school such responsibility for the control and direction of the pupils as he may consider desirable. The principal may suspend a pupil for wilful disobedience, for open defiance of authority of a member of his staff, for use of profane or obscene language, for other serious misconduct, and for repeated misconduct of a less serious nature; provided, that each such suspension with the reasons therefor shall be reported immediately in writing to the parent and to the county superintendent; and provided, further, that no one suspension shall be for more than ten days and that no suspension shall be made a dismissal unless so ordered by the county board in a resolution adopted and spread upon its minutes. He may suspend any pupil transported to or from school at the public expense from the privilege of riding on a school bus for a period of ten days, or until such suspension is modified or made a dismissal by the county

board, giving immediate notice in writing to the county superintendent and to the parent as provided above.

■ Plaintiffs assert that the statute is vague and overbroad and further that it is violative of due process of law in that no provisions are made for a hearing prior to suspension. The constitutional attack presented here is virtually identical to the constitutional challenge presented in Banks v. Board of Public Instruction of Dade County, S.D.Fla. 1970, 314 F.Supp. 285. There, in sustaining the constitutionality of the statute against vagueness and overbreadth challenges, the court noted the differences between school suspension statutes and criminal statutes and recognized that comprehensive authority must necessarily be given to school administrators to prescribe and control conduct in the schools. Therefore, it concluded that while the statute did in fact use broad language the broadness of the language was necessary, that the rules of conduct were reasonable rules to achieve legitimate goals, and that the language used in the statute was not constitutionally deficient. With respect to the due process claim, the Banks court recognized the hearing requirements of Dixon v. Alabama State Board of Education, 5 Cir. 1961, 294 F.2d 150, and its progeny, and stated that this requirement was nothing more than one of fair play; that the right to the hearing "when analyzed within the setting of the public school system, is necessarily subject to limitations imposed in order to insure the orderly administration of education and to preserve both decorum in the classroom and respect for teachers and administrators." Banks, supra, 314 F. Supp. at 291. The court concluded that a public school suspension hearing need not be held prior to the suspension. While not binding on this court, that decision is persuasive and is dispositive of this issue. Finally, it should be noted that while the constitutionality of Florida Statute 232.26, F.S.A., was raised in Williams v. Dade County School Board, 5 Cir. 1971, 441 F.2d 299, the court did not consider that issue and the Banks opinion is the only authority directly on point.

■ Plaintiffs also attack the constitutionality of the statute as applied urging that it was discriminatorily employed against Black students. Recognizing that when figures speak, courts listen, Brooks v. Beto, 5 Cir. 1966, 366 F.2d 1, plaintiffs have cited this panel to various figures in support of their position. However, an attack on the unconstitutional application of a statute is an attack on the lawless exercise of authority and is not an attack upon the constitutionality of the statute which is entitled to be presented before a three-judge panel. Phillips v. United States, 1941, 312 U.S. 246, 61 S.Ct. 480, 85 L. Ed. 800. This issue should properly be considered by the single initiating judge and the panel dissolved as to it.

## CONSTITUTIONALITY OF SCHOOL BOARD POLICY-REGULATION #5114

■ Plaintiffs have challenged the facial constitutionality of School Board Policy-Regulation #5114, both as it existed during May of 1970, and as amended August 5, 1970, and the constitutional application of the policy-regulation as it existed in May of 1970. It appears, however, for the reasons noted below that this matter is not properly before the panel.

The challenge made here to the policy-regulation, just as was the challenge to the statute, is virtually identical to the positions adopted by the plaintiffs in the Banks case. On direct appeal to the Supreme Court in Banks on the constitutionality of School Board Policy-Regulation #6122, the Supreme Court in a minute order vacated the judgment and remanded the cause to the district court for entry of a fresh decree from which a timely appeal to the Fifth Circuit Court of Appeals might be taken. In accordance with that order the three-judge panel was dissolved as to that issue and the cause was remanded to the initiating

judge who then entered a fresh decree. While no reason was given by the Supreme Court for its action, it is clear that the court was of the view that the constitutionality of the school board policy-regulation was not a matter for a three-judge court convened pursuant to the provisions of 28 U.S.C. § 2281.

In Landry v. Daley, N.D.Ill.1967, 280 F.Supp. 929, the court observed that while joinder of certain claims would be permissible under the Federal Rules of Civil Procedure, their joinder was inappropriate for purposes of a three-judge court. Prior to concluding that the challenge to the state statutes should be heard by a three-judge court and that the challenge to the city ordinance should be heard by a single judge, the court stated:

> The Supreme Court has consistently maintained the view that if a state statute is attacked on substantial federal constitutional grounds and on other grounds as well, a three-judge court is required and has jurisdiction over all the claims raised against the statute. In contrast, however, where a party joins a claim which is appropriate for a three-judge court with an independent claim properly triable before a single judge, the Supreme Court has held that the three-judge court lacks jurisdiction over the independent claim. 280 F.Supp. 929, 937.

The same result was recently reached in Ascheim v. Quinlan, W.D.Pa.1970, 314 F.Supp. 685.

Here the challenged policy-regulation is of local application, as was the municipal ordinance in *Landry*, and therefore this panel is without jurisdiction to consider it. The panel, as to these issues, should be dissolved and the matter referred to the initiating judge. Accordingly, it is

Ordered and adjudged that:

1. Florida Statute 232.26, F.S.A., is hereby declared facially constitutional.

2. The three-judge panel heretofore convened in this cause as to all remaining issues is hereby dissolved and those matters remanded to the initiating judge for appropriate disposition.