See also, D.C., 371 F.Supp. 727.

**Lyle RED BIRD et al., Plaintiffs,**

**v.**

**William A. BERRY, Justice, et al.,
Defendants.**

**No. 73-19-D.**

United States District Court,
W. D. Oklahoma.

May 17, 1973.

Vincent Knight, Oklahoma City, Okl., Richard L. Young, Albuquerque, N. M., for plaintiffs.

Larry Derryberry, Atty. Gen., Paul C. Duncan, Robert H. Mitchell, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

The Motion of the Plaintiffs To Vacate Order Denying Three-Judge Court And To Convene Three-Judge Court is denied.

In their Complaint filed herein Plaintiffs first contend that 38 Oklahoma Statutes 18 is unconstitutional on its face because it provides for State Court jurors to be selected from county tax lists and Plaintiffs, as Indians and representatives of their class, live on tax-exempt land, by reason whereof they are not on such tax lists, cannot therefore be selected as State Court jurors and are thus discriminated against by the Oklahoma juror selection laws.

As set forth in the Order entered herein on January 23, 1973 Plaintiffs appear to have overlooked 68 Oklahoma Statutes § 2472(e), of which the Court takes judicial notice, which provides (in relation to 38 Oklahoma Statutes 18) that the owners of tax-exempt property

*shall* be listed on the tax rolls of each county.

■ The request for a Three-Judge Court is more than a ministerial act and involves judicial discretion, as an improvident designation will result in a considerable waste of time and energy of the Judges, counsel and litigants. Miller v. Smith, 236 F.Supp. 927 (E.D. Pa.1964).

■ The Court correctly declined to convene a Three-Judge Court for this attack by Plaintiffs on the constitutionality of 38 Oklahoma Statutes 18 on its face as the Oklahoma State Legislature took pains by a further pertinent enactment (68 Oklahoma Statutes 2472(e)) to expressly direct that owners of tax-exempt property (such as Plaintiffs and their alleged class) *shall* be listed on the tax rolls of each county and thereby are subject to State Court jury selection under 38 Oklahoma Statutes 18. In these circumstances it is clear that Plaintiffs have not presented a substantial federal constitutional question in their attack on 38 Oklahoma Statutes 18 as being unconstitutional on its face.

Plaintiffs in their Complaint have alleged that 38 Oklahoma Statutes 18 is not only unconstitutional on its face (which does not present a substantial federal constitutional question) but the claim is made that it is being unconstitutionally applied to them and their class, presumably by the Defendants they have seen fit to sue, namely, the Justices of the Oklahoma Supreme Court. Such allegations (on face unconstitutionality and unconstitutional application as to them) were no doubt made as an attempt to support Plaintiffs' desire for a three-judge court based on Turner v. Fouche, 396 U.S. 346, 90 S.Ct. 532, 25 L.Ed.2d 567 (1970), in which it was announced that a three-judge court should be convened if a State Statute is attacked as being unconstitutional either on its face or as applied.[1]

1. This case also provides that a three-judge court is not required if a State Statute is not so attacked and the complaint is only that an unconstitutional result is obtained. In the latter case a three-judge court should not be convened.

Of course, it is improper to pick out one State Statute and attack the same as being unconstitutional, as Plaintiffs' have done, and either overlook or ignore another State Statute which is pertinent and related to the Statute attacked and which refutes the claimed unconstitutionality. Everyone is obligated to be fair to the State of Oklahoma in the serious matter of whether, as claimed by Plaintiffs, it has systematically discriminated against Indians, or some of them, by keeping them from State Court jury service because they own and live on tax-exempt land. As the Court has heretofore pointed out, Oklahoma has not by its enacted laws so discriminated against Plaintiffs, as claimed by them, but to the contrary it has specifically directed by Statute that owners of tax-exempt property, such as Plaintiffs or some of them and their class, *shall* be placed on the tax rolls of each county from which all State jurors must be selected. Thus, Plaintiffs lack standing to assert that 38 Oklahoma Statutes 18 is unconstitutional on its face and they do not satisfy this requirement of Turner v. Fouche, *supra*. They start on a false and mistaken premise.

■ It is appropriate, however, to consider whether Plaintiffs' remaining complaint is that Oklahoma's jury selection statutes are being unconstitutionally applied as to them or whether their true complaint is that an unconstitutional result is obtained as to them. The Court concludes that their true complaint is the latter and that a three-judge court should not be convened. In their Brief Plaintiffs point to the high Indian population percentagewise in certain counties (population-not property owners) and the zero or very small proportion of their numbers who have been selected for jury service in such counties. Assuming this result is so, an examination of the controlling Oklahoma jury selection statutes reveals that they are not in any way susceptible of one application as to Plaintiffs which is con-

stitutional and another application as to Plaintiffs which is unconstitutional. The Oklahoma jury selection statutes do not permit such dual application. They provide definitely that owners of tax-exempt property, such as Plaintiffs and the class they desire to represent, *shall* be placed on the tax rolls and that all jurors *shall* be selected from such tax rolls. Thus, if Plaintiffs' numbers are property owners, tax-exempt property or otherwise, in a given county and Plaintiffs' numbers in such counties are receiving zero selection for State Court jury service, they would have a complaint of an unconstitutional result as to them. This would infer that responsible State officials charged with either preparing the tax rolls of a given county or selecting jurors therefrom are systematically discriminating against Plaintiffs and their class in the selection of State Court jurors. But, the unconstitutionality of such conduct, if it is true, is so clearly established by existing law (Carter v. Greene County, 396 U.S. 320, 90 S.Ct. 518, 24 L.Ed.2d 549 (1970)) that a Three-Judge Court is not necessary. See Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962).

■ The following cases hold that a three-judge court is not required where State Statutes would be constitutionally applied if administered properly:

First Circuit: Massachusetts Welfare Rights Organization v. Ott (D.C.Mass.), 299 F.Supp. 296, affd. (CA1), 421 F.2d 525.

Second Circuit—Rosenberg v. Allen (D.C.N.Y.) 258 F.Supp. 511; Torres v. New York State Dept. of Labor (D.C.N.Y.), 318 F.Supp. 1313.

Third Circuit—United States ex rel. Houghton v. Scranton (DCPa.), 257 F.Supp. 557, affd. (C.A.3), 379 F.2d 556, revd. on other grounds, Houghton v. Shafer, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319; Ascheim v. Quinlan (D.C.Pa.), 314 F.Supp. 685; Wilson v. Post Conviction Hearing Act (D.C.Pa.), 321

F.Supp. 1234; Safeguard Mut. Ins. Co. v. Pennsylvania (D.C.Pa.), 329 F.Supp. 315.

Fourth Circuit—Tyrone, Inc. v. Wilkinson (C.A.4 Va.), 410 F.2d 639, cert. den., 396 U.S. 985, 90 S.Ct. 477, 478, 24 L.Ed.2d 449; Chester v. Kinnamon (D. C.Md.), 276 F.Supp. 717; Rakes v. Coleman (D.C.Va.), 318 F.Supp. 181.

Fifth Circuit –Dyer v. Rich (D.C. Miss.), 259 F.Supp. 736; Smith v. State Executive Committee of Democratic Party (D.C.Ga.), 288 F.Supp. 371; Rodriguez v. Brown (D.C.Tex.), 299 F.Supp. 479, supp.op. 300 F.Supp. 737; McMichen v. State Board of Bar Examiners (D.C.Ga.), 305 F.Supp. 1221; Milner v. Burson (D.C.Ga.), 320 F.Supp. 706.

Sixth Circuit—Original Fayette County Civil & Welfare League, Inc. v. Ellington (D.C.Tenn.), 309 F.Supp. 89 (by implication); Cholmakjian v. Board of Trustees (D.C.Mich.), 315 F.Supp. 1335.

Seventh Circuit—Landry v. Daley (D.C.Ill.), 288 F.Supp. 194; Napolitano v. Ward (D.C.Ill.), 317 F.Supp. 79.

Eighth Circuit—Moyer v. Nelson (D. C.Iowa), 324 F.Supp. 1224; Hunt v. Edmunds (D.C.Minn.), 328 F.Supp. 468.

The following cases provide that a three-judge court is not required where the complaint is directed merely at administrative failure or refusal to comply with express provisions of statutes:

Fourth Circuit—Bistrick v. University of South Carolina (D.C.S.C.), 319 F. Supp. 193.

Seventh Circuit—Weisberg v. Powell (C.A. 7), 417 F.2d 388.

Ninth Circuit—Eason v. Dickson (C. A.9), 390 F.2d 585, cert. den., 392 U.S. 914, 88 S.Ct. 2076, 20 L.Ed.2d 1373.

A one-judge court is fully empowered to bring the wrong Plaintiffs complain of to an end when the same is shown to exist.